# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD MCDONALD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:16-cv-00555-JMS-DML |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Edward McDonald for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

## I. The § 2255 motion

**Background**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a

complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

Edward McDonald filed this motion under 28 U.S.C. § 2255 to challenge his sentence in No. 1:14-cr-81-JMS-DML-1. In his reply brief, McDonald states that he is only interested in vacating his plea agreement and sentence if it will entitle him to a shorter term of imprisonment. Otherwise, he asks this Court to do nothing.

On April 23, 2014, petitioner Edward McDonald was charged in a multi-defendant Indictment in the Southern District of Indiana. Count 1 charged McDonald and a co-defendant with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Count 2 charged McDonald with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i). McDonald was not charged in Count 3.

On April 30, 2014, an initial hearing on the Indictment was scheduled before a United States Magistrate Judge in the Southern District of Indiana. Crim. Docket No. 33. The Court explained McDonald's rights, charges and penalties. McDonald was ordered detained at a hearing held on April 4, 2014.

On February 4, 2015, McDonald filed a Petition to Enter a Plea of Guilty. Crim. Docket No. 46. In the Petition, McDonald represented to the Court that he had received a copy of the Indictment, read and discussed it with his attorney, understood the charges brought against him, and believed that his attorney was fully informed as to the facts surrounding the Indictment. He stated that his attorney had advised him of the punishment, and that he believed that his attorney had done all that anyone could do to counsel and assist him. McDonald made no claim of innocence but declared that his plea of guilty was offered freely and voluntarily and of his own accord. Petition, ¶¶ 4, 5, 6, 12, 13 and 14.

On March 16, 2015, a plea agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). Crim. Docket No. 54. McDonald agreed to plead guilty to Count 1 of the Indictment, and the government would move to dismiss Count 2 at sentencing. The parties agreed to a sentence of imprisonment of 288 months.

On May 27, 2015, the Court held a change of plea and sentencing hearing. Crim. Docket No. 69. The Court found that McDonald was fully competent to enter a plea of guilty and that McDonald made his plea knowingly and voluntarily.

After determining that the stipulated factual basis for the plea was supported by an independent basis in fact containing each essential element of the offense, the Court accepted McDonald's plea of guilty to Count 1 of the Indictment and adjudged him guilty. The Court sentenced McDonald to 288 months of imprisonment to be followed by one year of supervised release. McDonald was also assessed the mandatory special assessment of $100 and ordered to pay restitution in the amount of $16,193.00.

As agreed, the government orally moved to dismiss Count 2 and the Court granted the motion. The Court entered a judgment of conviction on May 29, 2015. Crim. Docket No. 72.

On March 10, 2016, McDonald filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On March 25, 2016, the Court directed the United States to respond to McDonald's 28 U.S.C. § 2255 motion. This action is now fully briefed.

**II. Section 2255 Motion**

McDonald's § 2255 motion seeks a reduced sentence. In response, the United States argues that McDonald's Section 2255 motion must be dismissed because it is barred by his plea waiver. Further, even if the plea waiver does not bar this action, McDonald's trial counsel did not provide ineffective assistance of counsel and McDonald is not entitled to any relief in this action.

3

**A. Plea Waiver**

The United States argues that this action is barred because McDonald knowingly and voluntarily waived his right challenge his conviction and sentence in a § 2255 motion.

The Seventh Circuit has consistently held "that a voluntary and knowing waiver of an appeal is valid and must be enforced." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). There are, however, "limited instances when [the court] will not enforce a knowing and voluntary waiver of direct appeal or collateral review, including when the sentence exceeds the statutory maximum, when the plea or court relies on a constitutionally impermissible factor like race, or when counsel is ineffective in the negotiation of the plea agreement." *Id.* (*citing Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). "But for a waiver to apply, the disputed appeal or collateral attack must fall within the waiver's scope." *Dowell*, 694 F.3d at 902.

The plea agreement states:

> 8. EDWARD MCDONALD understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, he agrees that in the event the Court sentences him consistent with this Plea Agreement, then he expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code Section 742. Additionally, EDWARD MCDONALD expressly agrees not to contest, or seek to modify, his conviction or his sentence or the manner in which it was determined in any proceeding, including but not limited to, an action brought under Title 28, United States Code, Section 2255. This Section 2255 waiver does not encompass claims, either on direct or collateral review, that EDWARD MCDONALD received ineffective assistance of counsel.

Accordingly, the United States' assertion that McDonald agreed to waive his right to challenge his conviction and sentence on any and all grounds if the Court accepted the terms of the Rule (c)(1)(C) plea agreement is without merit.

4

McDonald did not waive his right to claim ineffective assistance of counsel on collateral review. Accordingly, McDonald's ineffective assistance of counsel claim is considered on the merits.

**B. Assistance of Counsel**

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

As a criminal defendant, McDonald had the right to effective assistance of counsel in deciding whether to accept or reject a plea offer. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). In the context of plea negotiations, a reasonably competent attorney will attempt to learn all of the facts of the case, make an estimate of the likely sentence, and communicate the result of that analysis before allowing the client to plead guilty. *Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007). In this case, McDonald does not argue that his counsel's deficient performance led him to accept a guilty plea rather than go to trial. *See Lee v. United States*, No. 16-327, 2017 WL 2694701, at *6 (U.S. June 23, 2017). Nor does he argue that his counsel failed to advise him to accept a favorable plea agreement. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012).

5

Instead he argues that his lawyer should have gotten him a better deal. This is simply wishful thinking. McDonald's statements in his reply brief (made under penalty of perjury) reflect that his attorney told him that the prosecutor discussed him receiving a 180 month term of imprisonment and after further discussions it was clear that the prosecutor would not go below 210 months of imprisonment (presumably only for Count 1, which was the Count McDonald plead guilty to). Ultimately, On March 15, 2015, McDonald received a plea agreement with an agreed upon total term of 288 months on Count 1 and the dismissal of Count 2. There is no evidence that any better plea agreement was offered by the prosecutor. "It is axiomatic that the government is not bound to discuss, much less to enter into, a plea agreement." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). "The successful negotiation of a plea agreement involves factors beyond the control of counsel [including] the cooperation of the prosecutor, who has no obligation to offer such an agreement." *Id. See also United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). "The terms of plea bargains are within the discretion of the United States Attorney." *United States v. Zendeli*, 180 F.3d 879, 886 (7th Cir. 1999). Simply stated, "a defendant has no absolute right to plea bargaining . . . ." *United States v. McCoy*, 767 F.2d 395, 400 (7th Cir. 1985). Indeed, the prosecutor confirmed during McDonald's plea hearing that McDonald "received the benefit of the "best offer the Government intended to make." Crim. Docket 76 at 5-6.

The plea agreement negotiated for McDonald by his counsel was an extremely favorable one. McDonald faced a guideline sentence of 78-97 months on Count I and the mandatory consecutive sentence of 300 months (25 years) on Count II. He had a prior federal conviction for bank robbery for which he received a 240 month sentence, and committed the instant offense within a year of the termination of supervised release for that offense. He had at least 10 prior state convictions for which no points were assessed for guidelines purposes, because of their age. Not

only did McDonald receive the benefit of a three-level sentencing reduction for acceptance of responsibility, the government also agreed to dismiss Count 2 of the Indictment. McDonald's assertion that his trial counsel was ineffective is without merit. McDonald has not offered any evidence or legal argument which shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

McDonald's primary disagreement with his counsel is based on his belief that he could not have been found guilty of both Count 1 (armed bank robbery) and Count 2 (brandishing a firearm during and in relation to a crime of violence) without violating the Double Jeopardy Clause of the Fifth Amendment. McDonald is mistaken. The Seventh Circuit has held that Congress intended to authorize consecutive sentences for armed robbery and use of a firearm during that same robbery. *United States v. Larkin*, 978 F.2d 964, 972 (7th Cir. 1992); *see also United States v. Gonzales*, 520 U.S. 1, 10 (1997) (noting that Congress amended § 924(c) in 1984 so that its sentencing enhancement would apply regardless of whether the underlying felony statute provides for an enhanced punishment if committed by the use of a dangerous weapon, as does the armed bank robbery statute). Thus, no double jeopardy violation exists when the defendant was convicted of armed bank robbery and use of a firearm during the robbery. *McGlothian v. United States*, 2006 WL 2794310, at *3 (E.D. Wis. Sept. 27, 2006) (finding). Accordingly, McDonald's attorney properly advised him that he faced conviction and consecutive sentences on both Count 1 and 2. The dismissal of Count 2 of the indictment after McDonald was sentenced to the agreed upon sentence in his plea agreement was a great benefit to McDonald. Based on this fact, McDonald received a very favorable plea agreement and there is no reasonable basis to conclude that he could have secured a better deal. No relief is warranted on this basis.

McDonald also faults his attorney for failing to seek the recusal of one of the prosecuting U.S. Attorneys on the basis that McDonald was previously convicted of robbery by this same prosecutor. Counsel is not ineffective for failing to present an issue, or present a motion, that is certain to fail. There is no conflict of interest when a prosecutor is involved in two separate prosecutions. In this regard, McDonald has not identified any meritorious, or even colorable, issues that his counsel failed to raise as McDonald now wishes he had.

In summary, McDonald entered his plea knowingly and voluntarily; and his claim that his counsel failed him is not only inadequate to meet the *Strickland* standard, but is refuted by the facts.

### C. Conclusion

For the reasons explained in this Entry McDonald has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

The **clerk is directed** to docket a copy of this Entry in the underlying criminal case, Case No. 1:14-cr-81-JMS-DML-1.

### III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that McDonald has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/3/2017

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD MCDONALD
Reg. No. 4646028
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov