UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-81-JMS-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EDWARD MCDONALD | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cr-00081-JMS-DML |
| | ) |
| EDWARD MCDONALD, | ) -01 |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Edward McDonald has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 108. Mr. McDonald seeks immediate release from incarceration, or in the alternative, for a modification reducing the remainder of his sentence to home confinement.[1] Dkt. 135. For the reasons explained below, his motion is **DENIED**.

### I.     Background

In May 2015, Mr. McDonald pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Dkts. 69, 72. In his factual stipulation, Mr. McDonald admitted that he and his co-defendant entered a bank in Indianapolis, brandished a weapon and demanded money be placed in a black bag. Dkt. 66. After leaving the bank, Mr. McDonald and his co-defendant led law

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. McDonald's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. McDonald's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

enforcement on a high-speed chase which ended when Mr. McDonald's co-defendant struck another car and crashed into a tree. Both men attempted to flee the scene but were apprehended quickly thereafter. In the car, officials found $16,093 in cash in a black nylon bag and a Kel-Tec .380 caliber pistol loaded with a magazine and a bullet in the chamber. The Court sentenced Mr. McDonald to 288 months of imprisonment, followed by 1 year of supervised release. Dkt. 72. The Bureau of Prisons (BOP) lists Mr. McDonald's anticipated release date, including good-conduct time, as September 23, 2034.

Mr. McDonald is 63 years old. He is currently incarcerated at FCI Ashland in Ashland, Kentucky. As of April 14, 2021, the BOP reports that no inmates or staff members at FCI Ashland have active cases of COVID-19; it also reports that 322 inmates at FCI Ashland have recovered from COVID-19 and that 6 inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 15, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of April 14, 2021, 480 inmates and 127 staff members at FCI Ashland have received both doses of the COVID-19 vaccine. *Id.*

In May 2020, Mr. McDonald filed a pro se motion for compassionate release. Dkt. 108. The Court appointed counsel, dkt. 109, appointed counsel filed a supporting brief/memorandum, dkt. 135, and the United States responded, dkt. 142. Mr. McDonald did not file a reply. Thus, his motion is ripe for decision.

**II. Discussion**

Mr. McDonald seeks reduction of his sentence to time served and immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Although he has contracted and recovered from COVID-19 without experiencing any serious symptoms, Mr. McDonald argues that that his advanced age (63 years old) and underlying medical conditions (including heart disease, high blood pressure/hypertension, high cholesterol, degenerative

3

spondylolisthesis of the spine, recurring boils and chronic foot ulcer in right foot from toe amputation), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. Dkt. 135. In response, the United States argues that Mr. McDonald has not shown extraordinary and compelling reasons warranting a sentence reduction, that he poses a danger to the community if released and that the § 3553(a) factors do not favor release. Dkt. 142.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[2] The United States concedes that Mr. McDonald has exhausted his administrative remedies. Dkt. 113.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and

compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. McDonald does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[3]

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. McDonald purports to have a condition that possibly increases his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 15, 2021) (identifying hypertension as a condition that can possibly make you more likely to get severely ill from COVID-19), he contracted COVID-19 in December 2020. Dkt 142-3. According to his medical records, he tested positive for COVID-19 on December 22, 2020. *Id.* at 54. It appears that Mr. McDonald suffered mild symptoms, and his case was considered resolved as of January 4, 2021. *Id.* Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, dkt. 139 (denying motion to reconsider and finding no

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court would typically consider the rationale provided by Mr. McDonald's warden in denying Mr. McDonald's administrative request for relief. However, although both parties agree that Mr. McDonald has exhausted his administrative remedies, it does not appear that either party provided a copy of the warden's response to Mr. McDonald's request. Thus, the warden's decision provides little guidance to the Court's analysis.
.

extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Any potential concern about reinfection in the future does not change the result. The Court recognizes that FCI Ashland previously experienced a serious outbreak of COVID-19. Nonetheless, any reliance on the possibility that Mr. McDonald will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Apr. 15, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including those at FCI Ashland—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Mr. McDonald has not shown extraordinary and compelling reasons to justify his release, whether the 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that they weigh against release. In his favor, Mr. McDonald has completed drug abuse education and many other courses while incarcerated. He is employed with UNICOR at the prison, and the BOP has rated him a low risk of recidivism and given him a low security classification. Mr. McDonald also states that he has had "minimal disciplinary issues."

Weighing against him, Mr. McDonald and his co-defendant committed a serious crime that endangered the lives of the individuals in the bank at the time of the robbery, as well as anyone in the

vicinity of their vehicle during the high-speed chase. Mr. McDonald's criminal history is replete with serious convictions which include a federal conviction in 1995 for bank robbery, carrying a firearm in relation to a crime of violence and being a felon in possession of a firearm. In that case, Mr. McDonald and another individual also used guns to rob an Indianapolis bank. Mr. McDonald was released in 2011 on that conviction and his supervised release terminated in July 2013. Approximately 8 months later, Mr. McDonald committed the armed robbery in this case. Mr. McDonald has completed barely one-third of his sentence and is not scheduled to be released for another 13 ½ years. Finally, the Court recently denied a motion for compassionate release from Mr. McDonald's co-defendant, finding that the § 3553(a) factors weighed against release. *See United States v. Turnley*, No. 1:14-cr-81-JMS-DML-02, dkt. 143 (S.D. Ind. Apr. 15, 2021). Under these circumstances, the Court cannot conclude that the 3553(a) factors favor release.

In light of these considerations, the Court cannot find that any risk Mr. McDonald faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. McDonald's motion for compassionate release, dkt. [108], is **denied**.

**IT IS SO ORDERED.**

Date: 4/19/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel