UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00081-JMS-DML-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EDWARD MCDONALD | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-cr-00081-JMS-DML |
| EDWARD MCDONALD, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

Defendant Edward McDonald seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. McDonald's motions are **denied**.

**I. Background**

In May 2015, Mr. McDonald pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Dkts. 69, 72. In his factual stipulation, Mr. McDonald admitted that he and his co-defendant entered a bank in Indianapolis, brandished a weapon and demanded money be placed in a black bag. Dkt. 66. After leaving the bank, Mr. McDonald and his co-defendant led law enforcement on a high-speed chase which ended when Mr. McDonald's co-defendant struck another car and crashed into a tree. Both men attempted to flee the scene but were apprehended quickly thereafter. In the car, officials found $16,093 in cash in a black nylon bag and a Kel-Tec .380 caliber pistol loaded with a magazine and a bullet in the chamber. The Court sentenced Mr. McDonald to 288 months of imprisonment, followed by 1 year of supervised release. Dkt. 72. The Bureau of Prisons (BOP) lists Mr. McDonald's anticipated release date, including good-conduct time, as September 23, 2034. *See* https://www.bop.gov/inmateloc/ (last visited July 28, 2022).

Mr. McDonald filed his first motion for compassionate release in 2020, which the Court denied after concluding that his risk from COVID-19 did not qualify as an extraordinary compelling reason for his release and that the sentencing factors under 18 U.S.C. § 3553(a) did not weigh in favor of release. Dkt. 144. Thereafter, Mr. McDonald filed a motion for reconsideration. Dkt. 145. The Court appointed counsel to represent Mr. McDonald for the reconsideration motion, but counsel withdrew before filing anything substantive on Mr. McDonald's behalf. Dkts. 146, 153, 154. The Court then required Mr. McDonald to supplement his motion pro se by using the Court's compassionate release form, and Mr. McDonald complied. Dkts. 154, 155.

In his motions,[1] Mr. McDonald argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (heart disease, high blood pressure/hypertension, high cholesterol, degenerative spondylolisthesis of the spine, recurring boils, chronic foot ulcer in right foot from toe amputation and early-stage kidney failure). Dkts. 135, 145, 155. Mr. McDonald also appears to request release based on his medical conditions without consideration of his COVID-19 risk. Dkt. 145. The Court has determined that it can resolve the motions without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a

---

[1] While it appears that Mr. McDonald intended for his initial filing to be construed as a motion for reconsideration, dkt. 145, his subsequent filing suggests that he intended to file an amended motion for compassionate release, dkt. 155. Accordingly, and because it is a more favorable standard for Mr. McDonald, the Court will consider his motions as motions for compassionate release.

reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. McDonald's first reason for requesting release—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. McDonald is fully vaccinated, dkt. 155 at 5, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. McDonald "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Mr. McDonald has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. McDonald also appears to argue that he should be released because of his serious medical conditions. Dkt. 145. Specifically, Mr. McDonald represents that a BOP healthcare provider recently took bloodwork which revealed that his kidneys are beginning to fail due to his heart condition. Dkt. 145 at 1. He is retaining water in his legs and his blood pressure is now high as well. These health conditions, however, are also not an extraordinary and compelling reason to release Mr. McDonald, whether considered alone or together with any other reason. Mr. McDonald does not argue that his disease is end-stage, nor does he argue that he is unable to engage in self-care in the prison. In fact, in his form motion, he states that he is "physically and mentally able to maintain employment" if released. Dkt. 155 at 7. Based on these facts, the Court declines to exercise its discretion to find that Mr. McDonald's medical conditions constitute an extraordinary and compelling reason for compassionate release. To the extent Mr. McDonald is not receiving what he believes to be proper treatment for his medical conditions, such allegations might form the basis for relief in a civil suit filed in Mr. McDonald's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Given the determination that Mr. McDonald has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. McDonald's motions for compassionate release, dkts. [145] and [155], are **denied.**

**IT IS SO ORDERED.**

Date: 7/28/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Edward McDonald
Reg. No. 04646-028
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

All Electronically Registered Counsel