UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00081-JMS-DML |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EDWARD MCDONALD | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cr-00081-JMS-DML |
| | ) | |
| EDWARD MCDONALD, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Edward McDonald has filed a *pro se* motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 159.] For the reasons explained below, his motion is **DENIED**.

## I.
### BACKGROUND

In May 2015, Mr. McDonald pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). [Filing No. 46; Filing No. 54; Filing No. 69.] The Presentence Investigation Report describes the offense conduct as follows:

> On March 31, 2014, FBI Special Agent (SA) Brian Guy was conducting surveillance at the Fifth Third Bank branch located at 8549 North College Avenue in Indianapolis. The surveillance was in response to a string of five armed bank robberies in the area since January 27, 2014, the most recent of which occurred on March 12, 2014, at the Fifth Third Bank branch located at 1036 Broad Ripple Avenue in Indianapolis.
>
> Just before 4:00 p.m., SA Guy saw a Toyota sedan pull into the bank's parking lot. Edward McDonald was driving the vehicle and wearing a green hooded sweatshirt. A white mask covered his face. Marvin Turnley, wearing a black hooded sweatshirt, black pants, black gloves, black shoes, and a black mask, was seated in the front passenger seat. The men briefly observed the back door of the bank before turning around and stopping to observe the activity inside the bank. They then left the parking lot and drove south on College Avenue.

> SA Guy followed them until they pulled into a residential neighborhood. He turned around a short time later and found their vehicle about to turn northbound onto College Avenue. They drove back to the bank's parking lot, where they again briefly watched the back doors before parking directly behind them. The men jumped from the car and ran into the bank, where Turnley went to the teller line and demanded money be placed into a black bag he was holding. McDonald threw an unknown object in front of the front doors before raising his right hand, as though he was holding a weapon and stating, "You know what this is." According to witnesses inside the bank, his hand was covered by a plastic bag.
>
> In total, the robbery lasted approximately 30 seconds, and the men fled the scene at a high rate of speed in their Toyota with Turnley driving, and McDonald as the passenger. While exiting the parking lot, they nearly collided with a vehicle that was traveling northbound on College Avenue. SA Guy followed their car south on College Avenue with emergency lights and siren activated. The pursuit reached speeds exceeding 80 miles per hour. Turnley passed numerous vehicles before coming to a road construction and tree trimming area in the 7600 block of College Avenue, where traffic was diverted to one lane and controlled by flagmen. He drove around all of the slow traffic before jerking the vehicle to the right, striking the back of another car and pushing it down the street. He then lost control of the Toyota and it crashed into trees on the west side of the street. It ultimately came to a stop on a steep embankment.
>
> Both men exited the car and were initially compliant with SA Guy's orders. However, before he could be arrested, McDonald ran down the embankment. While SA Guy was distracted by McDonald, Turnley also ran down the embankment. Turnley was arrested by SA Guy after a very short flight. McDonald was arrested in the 7500 block of Morningside Drive, having discarded the green sweatshirt and gloves. Both items were found along his escape route.
>
> Officers searching the Toyota discovered $16,093 cash banded with Fifth Third bands in a black nylon bag. They also found a Kel-Tec .380 caliber pistol on the passenger floorboard. The gun was partially inside a black bag. It was loaded with a magazine and a round in the chamber.
>
> After arresting Turnley and McDonald, agents returned to the Fifth Third Bank, where they were told the bank had suffered a loss of $16,193. They also spoke with witnesses and observed video surveillance verifying the robbery and McDonald's possession of an apparent firearm.

[Filing No. 57 at 3-4.] Although not charged in the Indictment, Mr. McDonald acknowledged his participation in five additional bank robberies between January and March of 2014. [Filing No. 57 at 5.]

Mr. McDonald faced a guidelines range of 63 to 78 months of imprisonment. [Filing No. 57 at 18.] The Court sentenced him to 288 months of imprisonment followed by one year of supervised release.[1] [Filing No. 72.] The Bureau of Prisons ("BOP") currently reports Mr. McDonald's anticipated release date (with good-conduct time included) as September 23, 2033. https://www.bop.gov/inmateloc/ (last visited November 15, 2024).

Mr. McDonald has filed a third Motion for Compassionate release *pro se*, in which he argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he has been diagnosed with a potentially terminal illness; (2) he is over 65 years old, is experiencing a serious deterioration in his physical health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; and (3) he suffers from various medical conditions. [Filing No. 159.] The United States opposes the motion, [Filing No. 163], and Mr. McDonald filed a reply, [Filing No. 166]. The motion is now ripe for the Court's consideration.

## II.
## DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] The Plea Agreement called for a 288-month sentence, taking into account the Government's dismissal of Count 2 of the Indictment (using, carrying and brandishing a firearm during and in relation to a crime of violence), which carried a mandatory minimum sentence of 25 years. [*See* Filing No. 54.]

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately"[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. McDonald argues that three extraordinary and compelling reasons exist here, and the Court addresses each in turn.

First, Mr. McDonald relies on the extraordinary and compelling reason present when "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13(b)(1)(A). Mr. McDonald claims that he has been

diagnosed with a "possible" terminal illness, [Filing No. 159 at 2], but this is not definitive enough to constitute an extraordinary and compelling reason for release. Additionally, his medical records do not reflect that he is suffering from a terminal illness.

Second, Mr. McDonald seeks relief under the provision that "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). It is undisputed that Mr. McDonald is over 65 years of age and that he has served over 10 years of his sentence. He argues that he suffers from numerous medical conditions, including a chronic infection on his right foot, atrial fibrillation due to a faulty heart valve, either multiple myeloma or monoclonia gammopathy of undetermined significance, and multiple large bladder wall diverticula. [Filing No. 159; Filing No. 166.] The Court acknowledges that Mr. McDonald faces multiple health challenges, but notes that at least some of these medical conditions were present when he was arrested, and that there is no indication that these conditions are not being adequately treated at Rochester Federal Medical Center, where Mr. McDonald is currently being housed. He is not currently at risk of a serious deterioration of his health and, though serious, his conditions are not life-threatening. Mr. McDonald has not carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason. To the extent that Mr. McDonald argues that he is entitled to compassionate release due to inadequate medical care in the BOP, such an allegation might form the basis for relief in a civil suit filed in Mr. McDonald's district of incarceration, but it does not constitute grounds for a sentence reduction under § 3582(c)(1)(A). *United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

Finally, Mr. McDonald relies upon U.S.S.G. § 1B1.13(b)(1)(B), which provides that an extraordinary and compelling reason for release exists where "[t]he defendant is suffering from a serious physical or medical condition…that substantially diminished the ability of the defendant to provide self-care within the environment of a correctional facility and from which he…is not expected to recover."  Mr. McDonald has not presented evidence that he is incapacitated or has diminished capacity to provide self-care.  And, as noted above, he has not presented any evidence that he is not receiving adequate care at FMC Rochester.

The Court, in its discretion, finds that Mr. McDonald has not carried his burden to show that there are extraordinary and compelling reasons for his release, whether considered alone or in conjunction with any other reason.  In any event, even if the Court found that extraordinary and compelling reasons exist, it also finds that Mr. McDonald is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2).  Mr. McDonald and his co-defendant committed a serious crime and, in the process, endangered the lives of the individuals inside the bank at the time of the robbery and those in the vicinity of their vehicle during the high-speed chase.  Additionally, though not charged in this case, Mr. McDonald admitted to participating in five additional bank robberies in 2014.  [Filing No. 57 at 5.]  His prior arrest for bank robbery in 1995 and his arrest in this case appear to be the only reason his robbery sprees ended.  These circumstances indicate that Mr. McDonald is a danger to the safety of any other person or to the community, making compassionate release unwarranted.

In sum, the Court finds that Mr. McDonald has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason, and also finds that he is a danger to the safety of any other person or to the community.  Given these

7

determinations, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. McDonald's Motion for Compassionate Release, [159], is **DENIED**.

Date: 11/18/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Edward McDonald
Reg. No. 04646-028
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903